UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC DEON ROBINSON,<br><br>                Petitioner,<br>   v.<br>WARDEN HUTCHINGS, et al.,<br><br>                Respondents. | Case No. 2:21-cv-01989-RFB-DJA<br><br>**ORDER** |

      Petitioner Eric Deon Robinson, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court directs service of the petition and instructs Respondents to respond.

      Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

      Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Eric D. Robinson*, Case No. C-12-282908-2.[2] On June 6, 2017, the state court entered a judgment of conviction for conspiracy to commit kidnapping, first degree kidnapping with use of a deadly weapon, coercion with use of a

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

deadly weapon, two counts of first degree kidnapping with use of a deadly weapon resulting in substantial bodily harm, first degree murder with use of a deadly weapon, and attempt murder with use of a deadly weapon. The Nevada Supreme Court affirmed the conviction.  In June 2020, Petitioner filed a state petition for writ of habeas corpus.  The state court denied post-conviction relief.  Petitioner filed a post-conviction appeal.  The Nevada Supreme Court affirmed the denial of relief in September 2021, and a remittitur issued the following month.

On October 29, 2021, Petitioner initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.)  The Court instructed him to submit a financial certificate signed by an authorized officer at the Nevada Department of Corrections as well as a certified copy of his inmate trust account statement for the six-month period preceding this habeas action to complete this IFP application. (ECF No. 3.)   He timely complied.  (ECF No. 4.) The Court grants Petitioner's application for leave to proceed *in forma pauperis*. (ECF Nos. 1, 4.)  Having conducted an initial review of the petition, the Court will direct service of the petition and a response.

**IT IS THEREFORE ORDERED:**

1. Petitioner Eric Deon Robinson's Application for Leave to Proceed *in forma pauperis* (ECF Nos. 1, 4) is GRANTED.

2. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the notices of electronic filing to the Nevada Attorney General's office only.

3. The Clerk of Court will file Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1) and electronically serve the Nevada Attorney General with the petition and this order.

4. Respondents will have **45 days** from the date the petition is electronically served to appear in this action and answer or otherwise respond to the petition.

5. If Respondents file an answer to the petition, Petitioner may file a reply within **45 days** from the date the answer is filed and served.  If Respondents file a motion to dismiss

      instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

6. Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss.  Procedural defenses omitted from such motion to dismiss may be subject to waiver.  Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If Respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, will be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

7. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

8. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

9. All state court records and exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10).  Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

10. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED this 14th day of March 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE