UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC DEON ROBINSON,<br><br>          Petitioner,<br><br>v.<br><br>WARDEN HUTCHINGS[1], et al.,<br><br>          Respondents. | Case No. 2:21-cv-01989-RFB-DJA<br><br>**ORDER** |

Petitioner Eric Deon Robinson, a pro se Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 7). Before the Court are three motions: (1) Petitioner's Ex Parte Motion for Appointment of Counsel (ECF No. 11) ("Motion for Appointment of Counsel"); (2) Respondents' Motion for Clarification and New Scheduling Order (ECF No. 12) ("Motion for Clarification"); and (3) Respondents' Motion for Enlargement of Time to File Response to Petition for Writ of Habeas Corpus ("Motion for Enlargement of Time") (ECF No. 13). Having reviewed the parties' submissions, I will grant the Motion for Appointment of Counsel, grant the Motion for Clarification, and deny the Motion for Enlargement of Time as moot.

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. (authorizing appointed counsel for a financially eligible person who is seeking relief under section

---

[1] It appears from the state corrections department's inmate locator page that Petitioner is incarcerated at Southern Desert Correctional Center ("SDCC"). See *https://ofdsearch.doc.nv.gov/form.php* (retrieved January 2023 under identification number 56380). The department's website reflects that Gabriela Najera is the warden of that facility. See *https://doc.nv.gov/Facilities/SDCC_Facility/* (retrieved January 2023). At the end of this order, the Court directs the Clerk of the Court to substitute Petitioner's current immediate physical custodian, Gabriela Najera, as Respondent for the prior Respondent Warden Hutchings, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

2254 "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); see also Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980). On the other hand, when a petitioner has a good understanding of the issues and the ability to present his contentions forcefully and coherently, no attorney is legally required. LaMere, 827 F.2d at 626. Here, the Court finds that the appointment of counsel is in the interests of justice taking into account, *inter alia*, the procedural complexity of this federal habeas action and the lengthy sentence structure. Further, it is unclear whether Petitioner will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Petitioner's Motion for Appointment of Counsel is granted.

The Court grants the Motion for Clarification and will set a scheduling order after counsel for Petitioner has entered an appearance. The Motion for Enlargement of Time will be denied as moot.

**IT IS THEREFORE ORDERED:**

1. Petitioner's Ex Parte Motion for Appointment of Counsel **(ECF No. 11) is GRANTED**.

2. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, I will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. I anticipate setting the deadline for approximately 90 days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the

petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

3. The Clerk of Court shall send a copy of this order to the pro se petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

4. Respondents' Motion for Clarification and New Scheduling Order **(ECF No. 12) is GRANTED**. A scheduling order will be set after counsel for Petitioner has entered an appearance.

5. Respondents' Motion for Enlargement of Time (ECF No. 13) is **DENIED** as moot.

6. The Clerk of Court is directed to substitute Gabriela Najera for Respondent Hutchings.

DATED this 5th day of January 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

3