# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERIC DEON ROBINSON, | Case No. 2:21-cv-01989-RFB-DJA |
| Petitioner, | |
| v. | **ORDER** |
| GABRIELA NAJERA,  et al., | |
| Respondents. | |

This habeas action is brought by Petitioner Eric Deon Robinson under 22 U.S.C. § 2254. Respondents filed a Motion to Dismiss (ECF No. 26) Grounds Three and Four of the first amended petition as untimely. Also before the Court is Respondents' Motion for Leave to File Exhibits Under Seal (ECF No. 24). For the reasons discussed below, the Court grants Respondents' motion to dismiss, in part, finding Ground Three untimely and grants their motion for leave to file exhibits under seal.

## I.       BACKGROUND

Robinson challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. In June 2017, the state court entered a judgment of conviction for conspiracy to commit kidnapping, first degree kidnapping with use of a deadly weapon, coercion with use of a deadly weapon, two counts of first-degree kidnapping with use of a deadly weapon resulting in substantial bodily harm, first degree murder with use of a deadly weapon, and attempted murder with use of a deadly weapon. The Nevada Supreme Court affirmed the conviction.  In June 2020, Robinson filed a state petition for writ of habeas corpus.  The state court denied post-conviction relief and the Nevada Supreme Court affirmed the denial of relief.

On October 29, 2021, Robinson initiated this federal habeas corpus proceeding *pro se*. ECF No. 1. Following appointment of counsel, on May 23, 2023, Robinson filed a first amended habeas petition. ECF Nos. 14, 20. Respondents argue that because the first amended petition is untimely, Grounds Three and Four should be dismissed because the claims do not relate back to

Robinson's earlier timely filed petition. ECF No. 26 at 4-6.

## II.    DISCUSSION

### a.    Relation Back

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure. Under Rule 15, an untimely amendment properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c). For habeas petitions, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." Mayle v. Felix, 545 U.S. 644, 659 (2005).

New claims in an amended habeas petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. Mayle, 545 U.S. at 661; Hebner v. McGrath, 543 F.3d 1133, 1134 (9th Cir. 2008) ("It is not enough that the new argument pertains to the same trial, conviction, or sentence."). Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition.  Mayle, 545 U.S. at 661; Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common *core* of operative facts"). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. Mayle, 545 U.S. at 650.

Respondents contend that Grounds Three and Four are untimely because Robinson did not raise these claims in his original *pro se* petition. ECF No. 26 at 6. Robinson asserts that his original petition raises ineffective assistance of counsel claims and both claims were discussed in the Nevada Court of Appeals' decision attached to his original petition. ECF No. 27 at 3. Robinson relies on the Ninth Circuit's decision in Ross v. Williams, 950 F.3d 1160 (9th Cir. 2020), which held that a state appellate court's order, attached to a timely petition, was

incorporated by reference for the relation-back purposes pursuant to Civil Rules 10(c), 15(c)(1)(B), and 81(a)(4), 28 U.S.C. § 2242, and Habeas Rule 12.  950 F.3d at 1167. "'For all purposes,' including relation back, the original petition consists of the petition itself and any 'written instruments' that are exhibits to the petition." Ross, 950 F.3d at 1167 (quoting Fed. R. Civ. P. 10(c) (internal bracketing omitted)). "Like a brief, a court decision is a written instrument." Ross, 950 F.3d at 1167 (citing Dye v. Hofbauer, 546 U.S. 1, 4 (2005)).

Ross instructs courts to "follow two steps to determine whether an amended petition relates back to an original petition that relied on an appended written instrument to help set forth the facts on which it based its claims": (1) courts "determine what claims the amended petition alleges and what core facts underlie those claims," and (2) "for each claim in the amended petition," courts examine "the body of the original petition and its exhibits" to see whether the pleading set out or attempted to set out "a corresponding factual episode" or "whether the claim is instead supported by facts that differ in both time and type" from those set forth in the original petition.  950 F.3d at 1167 (quoting Fed. R. Civ. P. 15(c)(1)(B); Mayle, 545 U.S. at 650) (internal quotation marks omitted).

"The central question under this framework is whether the amended and original petitions share a common core of operative facts, as those facts are laid out in the amended petition and 'attempted to be set out' in the original petition." Ross, 950 F.3d at 1168. "Relation back may be appropriate if the later pleading merely corrects technical deficiencies or expands or modifies the facts alleged in the earlier pleading, restates the original claim with greater particularity, or amplifies the details of the transaction alleged in the preceding pleading." Ross, 950 F.3d at 1168 (internal brackets, quotation marks, and citation omitted) (citing 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1497 (3d ed. 2019) (internal brackets and quotation marks omitted)).

### b.  Ground Three does not relate back to the original petition.

In Ground Three of his first amended petition, Robinson alleges that the state trial court erred because it did not find that trial counsel rendered ineffective assistance for failure to recognize statements regarding the stolen gun, money, and drugs were inadmissible as *res gestae*

evidence. ECF No. 20 at 16-19. Robinson asserts that his *pro se* allegations referencing ineffective assistance of counsel in addition to the Nevada Court of Appeals' decision discussing ineffective assistance of counsel attached to his original petition establish a common core of operative facts sufficient to meet the relation back doctrine. Respondents argue that Robinson's allegations regarding *res gestae* do not appear anywhere in his original petition.

Ground Three does not relate back to Robinson's original petition because the original petition does not contain allegations asserting ineffective assistance of counsel for failure to recognize inadmissible *res gestae* evidence. Ross made clear that, for relation back, facts found in documents attached to, and incorporated into, an original petition must support a claim asserted in that petition. See Ross, 950 F.3d at 1167 ("If a petitioner attempts to set out habeas claims *by identifying specific grounds for relief in an original petition* and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back." (emphasis added)). See also id. at 1168 ("If an exhibit to the original petition includes facts unrelated to the grounds for relief asserted in that petition, those facts were not 'attempted to be set out' in that petition and cannot form a basis for relation back.").

Ground Four of Robinson's original petition appears to assert ineffective assistance of counsel based on failure to address all elements of conspiracy, failure to address false statements, failure to argue about psychological examinations, and failure to argue for charges of a lesser degree. ECF No. 7 at 9. Although Robinson alleges specific ineffective assistance claims in his original petition, this does not allow for relation back of Ground Three, which is a claim of ineffective assistance for failure to recognize statements regarding the stolen gun, money, and drugs were inadmissible as *res gestae* evidence.  Relation back turns not upon whether claims allege—at an exceedingly broad level—the same legal theory but instead on whether the claims arise from the same core of operative facts. As such, there is no connection between the allegations in the original petition and the portion of the state appellate court decision discussing

4

ineffective assistance related to *res gestae* evidence.[1]  Accordingly, Ground Three does not arise from the same core of operative facts as any claim identified in the *pro se* filings and does not relate back to the original petition.

### c.  Ground Four relates back to the original petition.

In Ground Four of his first amended petition, Robinson alleges that counsel rendered ineffective assistance for failure to object to his co-defendant's counsel's misstatements of fact and law in closing argument that implied Robinson fired the gun as well as statements implying Robinson raped or attempted to rape Sweitzer. ECF No. 20 at 21. Robinson contends that the claim relates back to the original petition because the original petition contains an allegation that "[Robinson] was unduly and harmfully prejudiced by false statements and accusations intimating 'rape' 'sexual-assault' and/or 'attempt' . . . when prior testimony of b. Schwietzer averred [Robinson] did not touch or look at her in . . . [a] sexual manner . . ." ECF No. 7 at 7.

The Court finds that in his original petition, Robinson sets out—or attempts to set out—a series of false statements and assertions made by his codefendant's counsel that he believes prejudiced him as well as a series of errors made by trial counsel, including failing to address false statements, that deprived him of his Sixth Amendment right.  Robinson refers to his claim alleging prejudice related to false statements regarding rape, sexual assault, and attempt of the victim and prior inconsistent statements. ECF No. 7 at 7.  In addition, in Ground 2 of his original petition, Robinson alleges that his counsel "had to defend [Robinson] against … his codefendant's counsel who made 'blame shifting assertions.'" ECF No. 7 at 5.  In Ground 4 of his original petition, Robinson alleges violations of his Sixth Amendment right and asserts that "trial counsel did not address . . . all elements of conspiracy . . . nor did counsel expound on the for[e]going statements or testimony poignantly or succinctly referencing [Sweitzer] and false statements not evidenced in the record." *Id*. at 9.

Liberally construing the *pro se* pleadings as required by <u>Ross</u>, the Court finds Robinson

---

[1] As acknowledged by Robinson, the Court notes that page two of the state appellate court decision discussing the facts of the ineffective assistance of counsel claim is missing and is not a part of the attachment to Robinson's original petition.

attempts to set out the ineffective assistance of counsel claim as asserted in Ground Four of his first amended petition. 950 F.3d at 1167.  The Court's review of the original petition and its exhibits confirms that it sets out a factual episode corresponding to Ground Four.  Relation back does not require that "the facts in the original and amended petitions be stated in the same level of detail." Ross, 950 F.3d at 1168 n.4 (noting that relation back may be appropriate if the later pleading expands or amplifies the facts alleged in the earlier pleading and stating that "[s]ufficient correspondence exists if two claims arise out of the same episode-in-suit."). Accordingly, Ground Four relates back to the original petition and is not time-barred.

### III.    Motion to Seal

Respondents seek leave to file under seal two documents within the index of exhibits, Petitioner's Pre-Sentence Investigation Reports ("PSI"), Exhibit 51 (ECF No. 25-1), dated May 4, 2017, and Victim Impact Statements, Exhibit 52 (ECF No. 25-2), dated May 12, 2017. Under Nevada law, the PSI is "confidential and must not be made a part of any public record."  Nev. Rev. Stat. § 176.156(5).

Having reviewed and considered the matter in accordance with Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Exhibits 51 and 52 are considered properly filed under seal.

///

///

///

## IV.    CONCLUSION

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss (ECF No. 26) is granted in part. Ground Three of the first amended petition is dismissed with prejudice as untimely.

2. Respondents' Motion for Leave to File Exhibits Under Seal (ECF No. 24) is granted. Exhibits 51 (ECF No. 25-1) and 52 (ECF No. 25-2) are considered properly filed under seal.

3. Respondents have **60 days** from the date of entry of this order to answer Robinson's remaining grounds for relief, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court. Robinson will have **30 days** from the date on which the answer is served to file a reply.


DATED: March 22, 2024.



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**